**Emory WARNER, Plaintiff-Appellee,**

v.

**Mary PERRINO, Defendant-Appellant.**

**No. 76–2421.**

United States Court of Appeals, Sixth Circuit.

Argued Feb. 6, 1978.

Decided Oct. 10, 1978.

Paul Mancino, Jr., Frank Mancino, Mancino, Mancino & Mancino, Cleveland, Ohio, for defendant-appellant.

Alan N. Bellman, Avery S. Friedman, Cleveland, Ohio, for plaintiff-appellee.

Before LIVELY, ENGEL and MERRITT, Circuit Judges.

MERRITT, Circuit Judge.

Following a jury trial in the United States District Court for the Northern District of Ohio, plaintiff, Emory Warner, won a judgment of one dollar from defendant, Mary Perrino, for refusing to rent Warner an apartment because Warner is black. The district court awarded Warner $750 in attorney's fees. Perrino appeals on the ground that Warner's suit was barred by application of an 180-day statute of limitations. We agree that Warner filed his suit too late and reverse the judgment below and remand with instructions to dismiss the action.

I.

Plaintiff's complaint alleged that "on or about March 6, 1974" the defendant refused "to show or to rent to plaintiff" the downstairs suite of a two-family house in Cleveland "because plaintiff is black." Plaintiff filed his complaint in the United States District Court on October 23, 1974, some 200 days after the incident occurred. Plaintiff had earlier filed a complaint against Mrs. Perrino with the Ohio Civil Rights Commission pursuant to section 4112.05 of the Ohio

Revised Code (O.R.C.). At the request of Mrs. Perrino's attorney, the Commission delayed action on the complaint pending the outcome of Warner's federal suit.

Plaintiff's federal suit alleges a cause of action under the Civil Rights Act of 1866, 42 U.S.C. § 1982, and the Fair Housing Act of 1968, 42 U.S.C. §§ 3604, 3617, "a broad legislative plan to eliminate all traces of discrimination within the housing field." *Marr v. Rife*, 503 F.2d 735, 740 (6th Cir. 1974).

Section 3604 makes it unlawful for an owner to refuse to rent an apartment on grounds of race. Section 3612(a) creates a 180-day statute of limitations for actions under § 3604:

> The rights granted by section[s] 3604 . . . of this title may be enforced by civil actions in appropriate United States district courts . . . . A civil action shall be commenced within one hundred and eighty days after the alleged discriminatory housing practice occurred: *Provided, however*, That the court shall continue such civil case . . . from time to time before bringing it to trial if the court believes that the conciliation efforts of the Secretary or a State or local agency are likely to result in satisfactory settlement of the discriminatory housing practice complained of in the complaint made to the Secretary or to the local or State agency and which practice forms the basis for the action in court . . .

Section 3617 provides a separate cause of action which is intended to give the aggrieved party a remedy against any third person who interferes with the victim's rights under the Act. Section 3617 states:

> It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section . . . 3604 . . . of this title. This section may be enforced by appropriate civil action.

Section 1982 of Title 42 was enacted as part of the Civil Rights Act of 1866 and provides a separate, private right of action for victims of housing discrimination. *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968). The statute, which encompasses a much broader scope of activity than the 1968 Fair Housing Act, provides:

> All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property.

Neither § 1982 or § 3617 includes any limitation on the time period within which suit must be brought.

## II.

The district court dismissed plaintiff's claim under section 3604 because the 180-day statute of limitations established by Congress for that section had run prior to the filing of plaintiff's claim. Since sections 1982 and 3617 do not include such time limits, the district court turned to Ohio state law for an analogous statute of limitations to apply to plaintiff's claims. *See Runyon v. McCrary*, 427 U.S. 160, 180, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976); *Johnson v. Railway Express Agency*, 421 U.S. 454, 462, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). The district court initially applied O.R.C. § 2305.09(D), a general four-year statute of limitations for tort actions not involving bodily injury. Upon reconsideration, however, the lower court decided instead to apply the statute of limitations contained in Ohio's fair housing statutes, §§ 4112.01–4112.99. Those statutes, modeled on the federal Fair Housing Act, prohibit the refusal to "sell, transfer, assign, rent, lease, sublease, finance, or otherwise deny or withhold housing accommodations from any person" because of race, § 4112.02(H)(1), and provide that an aggrieved party may both file a complaint with the Ohio Civil Rights Commission, § 4112.05, and also

bring a civil action for damages in an Ohio court of common pleas, § 4112.051(A). The latter section tracks the federal statute by requiring that the civil action "be commenced within one hundred eighty days after the alleged discriminatory housing practice occurred." The district court nonetheless held that plaintiff's suit had been timely filed on the grounds that, under Ohio law, the filing of a complaint with the state Civil Rights Commission tolled the running of the 180-day time limit while the complaint was pending before the Commission. There are no Ohio cases on this question of state law, and the District Court found analogous and relied upon our holding in *E.E.O.C. v. Detroit Edison Co.*, 515 F.2d 301, 315 (6th Cir. 1975), *vacated and remanded*, 431 U.S. 951, 97 S.Ct. 2668, 53 L.Ed.2d 267 (1977), that the filing of a complaint with the Equal Employment Opportunities Commission ("E.E.O.C.") tolled the statute of limitations for the filing of a private damage suit under section 706 of Title VII of the federal Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(f).

### III.

■ We agree with the District Court that we must look to the fair housing laws of Ohio, which establish a private right of action for victims of housing discrimination, to find a statute of limitations applicable to plaintiff's federal court claims. It has long been established that, where Congress has not otherwise provided, a suit in federal court is governed by the statute of limitations which would apply to a similar or analogous claim brought in a state proceeding.

By a provision in the Judiciary Act of 1789 and continued in force since that time, Congress has declared that, "The laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply." 28 U.S.C. § 1652. A similar statute, 42 U.S.C. § 1988, specifically requires the lower feder-

al courts to apply state law, in the absence of Congressional legislation, to the trial and disposition of federal civil rights suits, as long as the state law "is not inconsistent with the Constitution and laws of the United States." As the Supreme Court has repeatedly stated, "No laws of the several states have been more steadfastly or more often recognized by this court, from the beginning, as rules of decision in the courts of the United States, than statutes of limitations of actions, real and personal, as enacted by the legislature of State, and as construed by its highest court." *Bauserman v. Blunt*, 147 U.S. 647, 652, 13 S.Ct. 466, 469, 37 L.Ed. 316 (1893). *Accord, Electrical Workers v. Robbins & Myers, Inc.*, 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976); *Johnson v. Railway Express Agency*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975); *Auto Workers v. Hoosier Corp.*, 383 U.S. 696, 703–704, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966); *Holmberg v. Armbrecht*, 327 U.S. 392, 395, 66 S.Ct. 582, 90 L.Ed. 743 (1946); *Campbell v. Haverhill*, 155 U.S. 610, 614, 15 S.Ct. 217, 39 L.Ed. 280 (1895); *McCluny v. Silliman*, 28 U.S. (3 Pet.) 270, 7 L.Ed. 676 (1830).

The rationale underlying this principle is that the law should produce uniform decision within each state regardless whether an action is brought in a state or a federal court. *King v. Order of United Commercial Travelers*, 333 U.S. 153, 157, 68 S.Ct. 488, 92 L.Ed. 608 (1948). Thus, where Congress has not otherwise spoken, federal judges are obliged to apply the law of the forum, which includes state statutes of limitations, to suits brought in federal court. As the Court said in *Campbell*, 155 U.S. at 616, 15 S.Ct. at 219, we must presume that Congress, in creating a new right enforceable in a federal court without reference to a statute of limitations "intended that the remedy should be enforced in the manner common to like actions within the same jurisdiction." The federal courts may not presume either that Congress intended there be no statute of limitations, a result "utterly repugnant to the genius of our laws," *Id.* at 616, 15 S.Ct. at 220; *Adams v. Woods*, 6 U.S. (2 Cranch) 336, 342, 2 L.Ed. 297 (1805)

(Marshall, C. J.), or that the courts themselves should fashion a uniform time limitation, *Auto Workers, supra,* 383 U.S. at 701, 704, 86 S.Ct. 1107.

■ The only recognized exception to this established rule would be a situation in which a state statute of limitations discriminated against enforcement of a federal right so as to subvert indirectly the right itself. 42 U.S.C. § 1988; *Johnson v. Railway Express Agency, supra,* 421 U.S. at 465, 95 S.Ct. 1716. "In such a case, it might be plausibly argued that it could never have been intended by Congress that section 721 [28 U.S.C. § 1652] should apply to statutes passed in manifest hostility to Federal rights or jurisdiction, but only to such as were uniform in their operation upon state and Federal rights and upon state and Federal courts." *Campbell, supra,* 155 U.S. at 615, 15 S.Ct. at 219.

Plaintiffs have attempted to make such a showing here, arguing that the broad, remedial purpose of sections 3617 and 1982 would be defeated if controlled by Ohio's six-month statute of limitations. This argument has no force in the circumstances of this case. Not only does the Ohio statute of limitations apply equally to both state and federal suits, thus removing the possibility of discrimination against the federal right, but the 180-day limit is borrowed directly from the federal Fair Housing Act, 42 U.S.C. § 3612. It can hardly be maintained that by adopting the federal statute of limitations applicable to housing discrimination suits, the Ohio legislature intended to subvert the rights and policies of the federal laws concerning housing discrimination. Furthermore, unlike some other federal civil rights suits which have no comparable, state cause of action, see *Mason v. Owens-Illinois, Inc.,* 517 F.2d 520 (6th Cir. 1975), we have in this case a state fair housing law which is virtually identical to the federal Fair Housing Act of 1968 and provides plaintiff the same cause of action in state court which he has under either section 3617 or 1982. Although section 1982 speaks broadly of contract rights and is wider in scope than either the state and federal fair

housing laws, the conduct at issue here involves only an allegation of housing discrimination on the basis of race and falls squarely within the purpose and reach of Ohio's fair housing laws. The only advantage which plaintiff might gain by suing under sections 1982 or 3617 is that he hopes thus to escape the six-month statute of limitations which would clearly apply to his claim if brought under section 3604 or under Ohio law. To permit him to do so would be to disregard both the rule itself that the federal court must apply the most analogous state statute of limitations and the rule's underlying principle that justice should be served equally in the state and federal courts.

IV.

■ We do not agree with the court below, however, that plaintiff's filing a claim with the Ohio Civil Rights Commission tolls the period of time within which plaintiff must file his federal court suit under sections 1982 or 3617. In the first place, there is no provision in the Ohio fair housing statutes which provides for tolling the time period under these circumstances and we know of no Ohio courts which have read such a provision into the statute. More importantly, however, the analogy between state and federal law is inappropriate here because the rationale for this supposed exception to the Ohio statute of limitations is irrelevant to the purposes and policies of the federal right.

If, on the one hand, we view section 1982 as a pre-existing statute, independent of plaintiff's remedies under modern, federal, fair housing legislation, it would make no sense to toll the period for bringing suit under section 1982 for the purpose of allowing conciliation of wholly independent and unrelated claims arising under state law. Congress did not provide statutory machinery for the conciliation of 1982 claims—as it did for suits brought under the 1968 Fair Housing Act—and the Supreme Court in analogous cases has twice rejected the argument that the time limits for bringing suit under federal civil rights statutes

ought to be extended to encourage conciliation.[1] We may not rationally read into section 1982 an intention on the part of Congress to delay enforcement of the statute for the purpose of settling other claims which arise under other laws.

If, on the other hand, we view plaintiff's claims under sections 1982 or 3617 as an integral part of modern fair housing legislation subject to conciliation, then we should apply to those claims the same standards for conciliation and tolling set forth in the Fair Housing Act itself. For suits brought under the Act, the statute in sections 3610(b) and 3612(a) contemplates a short period (180 days), for the filing of both an administrative claim and a court action but does not provide for tolling or delaying the court action to await resolution of the administrative proceedings. The Act in § 3612(a) provides, rather, that "the court shall continue such civil case . . . from time to time before bringing it to trial if the court believes that the conciliation efforts . . . are likely to result in satisfactory settlement of the discriminatory housing practice."

Thus, however we may view the relationship between plaintiff's claims here and the policies of the federal and state fair housing laws favoring the conciliation of housing discrimination complaints, it is not appropriate to toll the running of the statute of limitations applicable to sections 1981 and 3617 for the purpose of conciliation. There is no requirement in either the federal or state statutes that a plaintiff exhaust his administrative remedies before coming to court nor are there any provisions applicable here which toll the statutory time limits. The federal courts have been reluctant to

read any such provisions into the federal civil rights [2] laws and we doubt that Ohio courts will read into the Ohio statute an exception to the 180-day time limit in order to encourage conciliation. *See State ex rel. General Motors Corp. v. Ohio Civil Rights Commission*, 50 Ohio St.2d 111, 362 N.E.2d 1221 (1977).

We conclude then, as did the district court, that plaintiff's federal suit alleging that he was barred from renting an apartment because of his race must be filed within 180 days of the date of the alleged discriminatory act. We disagree with the District Court that the filing of a state administrative claim for the same conduct tolls the applicable statute of limitations. We therefore reverse.

The costs of the appeal are to be divided equally between the parties.

---

1. *Robbins & Myers, supra*, 429 U.S. at 237–240, 97 S.Ct. 441 (plaintiff's pursuit of arbitration remedy under union contract does not toll the statutory period for filing a claim of discrimination with the E.E.O.C.); *Johnson v. Railway Express Agency, supra*, 421 U.S. at 465–467, 95 S.Ct. 1716 (plaintiff's filing a complaint with the E.E.O.C. does not toll the statute of limitations applicable to 42 U.S.C. § 1981).

2. Our opinion in *Detroit Edison, supra*, relied on by the District Court, held that the filing of

a claim with the E.E.O.C. tolled, for the purpose of recovering back pay, plaintiff's right to file a private Title VII suit. That case differs from this one in that under Title VII, the filing of an E.E.O.C. complaint is a precondition to obtaining a private right of action but under the Ohio fair housing statute, plaintiff's administrative and judicial remedies are independent and plaintiff must file both actions within the 180-day limit.