**Margaret FRISBY, Appellant,**

**v.**

**BOARD OF EDUCATION OF BOYLE COUNTY, Kentucky: Roy R. Camic, Individually and in his Capacity as Superintendent of the Boyle County Schools; Bruce Feather, Hubert Ellis, Charles W. Lester, Louis H. Walker, and Ballard Robinson, Individually and in Their Official Capacities as Members of the Board of Education of Boyle County, Kentucky, Appellees.**

Court of Appeals of Kentucky.

April 4, 1986.

Jane V. Fitzpatrick, Brooks, Coffman & Fitzpatrick, Lexington, for appellant.

Elizabeth Nickels, Silliman, Dishman & Nickles, Danville, for appellees.

Before HAYES, C.J., and HOWERTON and McDONALD, JJ.

HOWERTON, Judge.

Frisby appeals from an order of the Boyle Circuit Court dismissing her complaint against the school board for an alleged improper demotion. Her action was brought pursuant to Chapter 161 of the Kentucky Revised Statutes and pursuant to 42 U.S.C. § 1983 (1979). The trial court ruled that the claims were not filed within the time limit prescribed by the statutes. We agree and affirm.

Frisby was a teacher in the Boyle County school system, and from 1979 until 1983, she was employed as coordinator for special education. As such, she received extra pay during each year. On March 21, 1983, Frisby was notified by letter that her future employment would be as a classroom teacher, thereby eliminating the extra salary. She attended the next board meeting on April 14. Frisby received the final notification on May 9, 1983, but it was not until August 31, 1984, that she filed her action in the Boyle Circuit Court challenging the board's action under KRS 161.760, KRS 161.765, and 42 U.S.C. § 1983 (1979).

Frisby argues that the Kentucky statutes require that an administrator with three years of administrative service be given due process of law prior to any demotion. Due process includes notice of any pending action to demote the individual. She alleges that, since the statutory requirements for due process were not given to her, the board essentially took no action. On this basis, she contends that she did not have an affirmative duty to file her suit in circuit court within 30 days of receiving the May 9 final notice.

Even if we concede that the board failed to follow the proper statutory procedures, Frisby was nevertheless notified of the action demoting her. The notice was given by the superintendent, the executive agent of the board. Therefore, the real question is whether she filed a timely appeal. Frisby received an unequivocal written notice of her new assignment on May 9, 1983, and

the clock began to run against her at that time. If Frisby had any objection to the new assignment, she was obligated to bestir herself to take some action. She cannot prevail on a claim that, since no legal, official action was taken by the board, she had no time limit.

■ Where a statute prescribes the method for taking an appeal from an administrative action and the time in which the appeal must be taken, these requirements are mandatory and must be met in order for the circuit court to obtain jurisdiction to hear the case. *Board of Adjustment of the City of Richmond v. Flood*, Ky., 581 S.W.2d 1 (1978). In *Kessler v. Board of Regents*, 738 F.2d 751 (6th Cir. 1984), the court held that a university's termination notice was final and appealable notwithstanding its failure to give the plaintiff a due process hearing or to give notice to comply with statutory requirements.

■ KRS 161.765(2)(f) states: "Appeal from final board action may be taken in the same manner and under the same provisions as an appeal from board action under KRS 161.790." KRS 161.790(6) states, in part:

> The teacher shall have a right to make an appeal both as to law and as to fact to the circuit court. If said appeal is not made within thirty (30) days after dismissal, then the decision of the board of education shall be final.

In *Flood, supra,* at p.2, we further read: "There is no appeal to the courts from an action of an administrative agency as a matter of right. When grace to appeal is granted by statute, a strict compliance with its terms is required." As we have already pointed out, Frisby received an unequivocal notice of May 9, 1983, that for the 1983–84 school year she would be assigned to the Boyle County Elementary School as a special education teacher. Since she failed to file any action for approximately 15 months, her claim on the basis of the Kentucky Revised Statutes was properly dismissed.

■ While KRS 161.765 specifically applies to the demotion of tenured administrative personnel, such as Frisby, she nevertheless argues that KRS 161.760 also applies to her case and that it does not have a 30-day appeal time. We make no decision concerning any appeal time for KRS 161.-760, because it is not the appropriate statute for this case. KRS 161.760 applies to annual contract teachers and the notice required to alter their pay or reassign them.

■ Frisby next argues that the trial court erred in applying the 30-day appeal time to her 42 U.S.C. § 1983 (1979) action. She argues that the state's five-year statute of limitation was applicable, citing *Garner v. Stevens*, 460 F.2d 1144 (6th Cir. 1972). Furthermore, shortly after the trial court's ruling in this case, the United States Supreme Court determined that a state's personal injury statute of limitation governs § 1983 actions. *Wilson v. Garcia*, — U.S. —, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). KRS 413.140(1)(a) provides that actions for an injury to the person of the plaintiff be brought within one year after the cause of action accrued. Frisby then argues that the proper limitation in her case should nevertheless be five years because *Garner* was the applicable rule when her suit was filed, and the holding in *Wilson* should not be applied retroactively.

Prior to the decision in *Wilson, supra,* the law concerning the applicable statute of limitations for § 1983 actions was unclear. While Frisby alleges that a five-year limit and *Garner, supra,* were applicable, the board contends that a thirty-day limit was proper under *Warner v. Perrins*, 585 F.2d 171 (6th Cir.1978). *Warner* held that where the § 1983 claim is based upon the abridgement of a right created by statute, and that statute contains a limitation provision, the court will "borrow" the limitation period of the statute. We nevertheless conclude that the one-year personal injury limitation should be applicable in this situation and the trial court correctly dismissed her claim. In doing this, we give *Wilson, supra,* a retroactive application to this case.

The case of *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), established three factors to be considered in determining whether a statute of limitations should be given retroactive effect. First, in order for a decision not to be established retroactively, it must establish a new principle of law. Secondly, it is necessary to consider the prior history of the rule in question and whether a retrospective application would further or retard its operation. Thirdly, the inequity of a retroactive application must be considered. This brings into consideration the question of injustice or hardship caused by a holding of retroactivity or nonretroactivity.

The board contends that *Wilson, supra,* did not overrule any clear past precedent on which Frisby relied. When the trial court held that Frisby's § 1983 action was barred by a 30-day limitation, the court was relying on *Warner, supra.* According to *Garner, supra,* the statute of limitation for § 1983 actions was five years. In *Garner,* the plaintiff was a teacher who had been improperly terminated; however, the *Garner* case does not give any indication that the claim was based on violations of KRS 161.765. The limitation for bringing actions based on KRS 161.765 is 30 days. The board's argument that Frisby did not rely on *Garner* in filing the § 1983 action is strengthened by the fact that Frisby did not cite *Garner* to the circuit court in response to the board's motion to dismiss the case. Furthermore, *Warner, supra,* indicates that perhaps the 30-day statute of limitation was applicable to this situation. Therefore, Frisby could not have relied on clear past precedent since there was no clear precedent. In applying the *Chevron* test, it appears that *Wilson* did not overrule any clear past precedent nor had there been any prior history concerning the rule in question which would adversely affect the application of a one-year limit with a retrospective application of the *Wilson* decision.

Finally, we find no real inequity in applying *Wilson* retroactively in this case. Frisby had notice of the board's decision. She complied with the directive and continued to teach in the classroom during the 1983–84 school year. We know of no reason why she could not have filed her suit to challenge her demotion within one year.

Since Frisby failed to file her complaint within one year from receiving her demotion notice, her 42 U.S.C. § 1983 claim was properly dismissed by the trial court, and the order of the Boyle Circuit Court is affirmed.

All concur.