James **JOHNSON**, et al., Plaintiffs,

v.

**CITY OF ECORSE**, et al., Defendants.

**No. CIV 00–40145.**

United States District Court,
E.D. Michigan,
Southern Division.

March 29, 2001.

Larry R. Polk, Neal, Holliday, Detroit, MI, for plaintiffs.

Michael E. Rosati, Linda E. Taylor, Johnson, Rosati, Farmington Hills, MI, for defendants.

## ORDER

GADOLA, District Judge.

Before the Court are Defendants' "motion for dismissal/summary judgment" [docket entry 8], filed on December 1, 2000 and Defendants' "motion for partial dismissal for failure to provide discovery" [docket entry 12], filed on January 16, 2001. On January 31, 2001, the Court held a hearing on these matters. For reasons set forth below, the Court grants in part and denies in part Defendants' "motion for dismissal/summary judgment" and denies Defendants' "motion for partial dismissal for failure to provide discovery."

Defendants in this case are the City of Ecorse ("Ecorse") and police officers Corey Smith, Cornelius Herring, and John Doe. John Doe is the unknown supervisor of officers Smith and Herring. Officer Herring is black. Officer Smith is white. Plaintiffs are Danny Cross, the driver of an automobile who was detained by officers Smith and Herring, and James Johnson, the owner of that auto.

This controversy began on October 16, 1998, when officers Smith and Herring encountered Mr. Cross. Mr. Cross was sitting in the driver's seat of Mr. Johnson's parked vehicle. Mr. Johnson was not present for these events. Plaintiffs maintain that Mr. Cross was parked legally; Defendants claim that Mr. Cross had positioned the vehicle illegally and was obstructing traffic.

What happened next is subject to further dispute. Plaintiffs aver that officers Smith and Herring forcefully removed Mr. Cross from the auto and "were verbally abusive and perverse," using terms such as "black ass," and other demeaning language, in reference to Mr. Cross. (Pl. Resp. Br. at ii–iii.) Plaintiffs allege that the officers' subsequent search of the auto revealed nothing illegal. Nonetheless,

Plaintiffs argue, officers Smith and Herring arrested Mr. Cross, using excessive force in the process. Plaintiffs allege that the excessive force the officers used included officer Herring's applying handcuffs too tightly to Mr. Cross's wrists, on which he had a pre-existing "deformity," and both officers' pulling, kicking, and pushing of Mr. Cross.

Defendants aver that they arrested Mr. Cross after a Law Enforcement Information Network ("LEIN") check revealed that Mr. Cross's driver's license was suspended. Defendants maintain that Mr. Cross was argumentative throughout the process. To wit, Defendants claim that Mr. Cross refused to sign his arrest record, refused to answer further questions at the police station, and, although Mr. Cross had $240.00 in cash at the time of his arrest, refused to post a $250.00 bond until almost two days after his arrest.

According to the police report, officers Smith and Herring released the vehicle driven by Mr. Cross and owned by Mr. Johnson into the custody of one "Laquila Ann Nation," who was Mr. Cross's cousin. Mr. Cross maintains that he does not know Miss Nation and is not related to her. Plaintiffs aver that, when Mr. Johnson ultimately recovered his vehicle, personalty belonging to him was missing. Both Plaintiffs allege that officers Smith and Herring wrongly seized the personalty of each (Complaint at ¶ 8) and that officers Smith and Herring deprived both Plaintiffs of personalty without due process of law.

The following causes of action are before the Court. In Count I, Plaintiffs Cross and Johnson allege that Defendants Ecorse, Smith, and Herring violated 42 U.S.C. § 1982, which states that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property."

In Count II, Plaintiff Cross alleges that all Defendants violated 42 U.S.C. § 1983 when officers Smith and Herring allegedly applied excessive force to Mr. Cross in violation of the Fourth Amendment's prohibition of unreasonable searches and seizures.

In Count III, Plaintiff Cross alleges that Defendants Smith and Herring conspired to violate his civil rights in violation of 42 U.S.C. § 1985 by agreeing and acting to: (a) falsely arrest and imprison Mr. Cross; (b) contrive and fabricate criminal charges against Mr. Cross; (c) submit false police reports, statements, and testimony to support those charges; (d) physically injure Mr. Cross; (e) obstruct justice; (f) "improperly impact witnesses"; (g) punish Mr. Cross for exercising his right "to confront and question the performance of public officials"; and (h) violate Mr. Cross's civil rights.

Plaintiffs also brought divers state-law claims. The Court dismissed those causes of action without prejudice on April 21, 2000. On December 1, 2000, Defendants moved for dismissal or, in the alternative, summary judgment.

## II LEGAL STANDARD

Although before the Court is Defendants' motion to dismiss or, in the alternative, for summary judgment, because discovery has ended and the Court has considered evidence outside of the pleadings, the Court will treat this motion as a motion for summary judgment. *See Patton Elec. Co., Inc. v. United States*, 64 F.Supp.2d 580, 580 (E.D.Va.1999).

The Court will grant a motion for summary judgment if the movant demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct.

2505, 91 L.Ed.2d 202 (1986). The Court must read the evidence, and all inferences drawn therefrom, in the light most favorable to the non-moving party. *See Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir.1979). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. The Court's function is not to weigh the evidence and determine the truth of the matters asserted, "but to determine whether there is a genuine issue for trial." *Id.* at 249, 106 S.Ct. 2505. The relevant inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52, 106 S.Ct. 2505.

Toward that end, once the moving party carries the initial burden of demonstrating that no genuine issue of material fact is in dispute, the burden shifts to the non-moving party to present specific facts to prove that there is a genuine issue for trial. To create a genuine issue of material fact, the non-moving party must present more than just some evidence of a disputed issue. As the United States Supreme Court has stated:

> There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the [non-moving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

*Id.* at 249–50, 106 S.Ct. 2505 (citations omitted); *see also Celotex*, 477 U.S. at 322–23, 106 S.Ct. 2548. The non-moving party, accordingly, must do more than raise some doubt as to the existence of a fact; the non-moving party must produce evidence that would be sufficient to require submission of the issue to the jury.

*Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F.Supp. 214, 217 (E.D.Mich.1990), *aff'd*, 929 F.2d 701, 1991 WL 49687 (6th Cir.1991).

## III ANALYSIS

### A. Defendant City of Ecorse's Liability

In order to establish a municipality's liability for the civil-rights violations of its agents, a plaintiff must "allege sufficient facts to demonstrate the existence of a particular policy, practice or custom which directly caused the" harm. *Moreno v. Metropolitan Gen. Hosp.*, No. 99–5205, 2000 WL 353537, at *3 (6th Cir. Mar.28, 2000). In this case, the Court apprehends no evidence to which Plaintiff Cross pointed in his response or in citations to the record that would show that Defendant Ecorse had a deliberate custom, policy, or practice that led to any of Plaintiff Cross's alleged harms. The Court thus grants summary judgment in favor of Defendant Ecorse as to all claims.

### B. Section 1982 Claim

Plaintiffs bring a claim under § 1982 against Defendants Smith and Herring. To succeed in an action brought under § 1982, Plaintiffs must establish that: (1) they are members of a racial minority; (2) Defendants intended to discriminate on the basis of race; and (3) the discrimination concerned one of the statute's protected activities. *Cedeno v. Wal-Mart Stores, Inc.*, No. 98–CV–479, 1999 WL 1129638, at *2 n. 7 (E.D.Pa. Nov. 30, 1999) (citation omitted); *see also Greene v. City of Memphis*, 535 F.2d 976, 979 (6th Cir.1976) (reasoning that a § 1982 claim must include an allegation that race motivated the defendant). Section 1982 protects, *inter alia*, the right to hold personalty. 42 U.S.C.A. § 1982 (West 2000).

Courts afford claims under § 1982 liberal construction. *Greene,* 535 F.2d at 978.

■ Regarding the first element, it is clear from the police report that Mr. Cross is black, and thus is a member of a racial minority. Plaintiffs have provided no evidence that Mr. Johnson is a member of a racial minority.

■ As to the second element, Plaintiffs adduce evidence that officers Smith and Herring used language that was racially humiliating and uttered the term "black ass" while dealing with Mr. Cross. (Dep.[1] at 54:1–12.) Policemen's use of racial slurs in the context of an arrest can establish the element of discriminatory intent. *See Saviour v. City of Kansas City,* No. 90–2430, 1992 WL 135019, at *6 (D.Kan. May 15, 1992).

Plaintiffs have adduced no evidence that Defendants harbored a discriminatory intent, however, toward Mr. Johnson. In fact, they do not even adduce evidence that Defendants knew Mr. Johnson's race. The Court therefore grants summary judgment to Defendants regarding count I insofar as that cause of action pertains to Mr. Johnson.

Regarding the third element, interference with a right protected by § 1982, Plaintiff Cross has adduced competent evidence. Specifically, Plaintiff Cross puts forth his deposition testimony to the effect that, after he recovered the vehicle, tools that belonged to him were missing. (Dep. at 101:2–25.) Because Plaintiff Cross has adduced evidence from which a reasonable jury could conclude that all three elements of a § 1982 claim were satisfied, his claim under that provision survives summary judgment. Because Plaintiff Johnson fails to adduce such evidence, his claim under

§ 1982 does not survive Defendants' motion for summary judgment.

Defendants seek to avoid the former conclusion by putting forth a most unusual contention. They argue that § 1982 protects only against housing discrimination, and intimate that *Warner v. Perrino,* 585 F.2d 171, 173 (6th Cir.1978) supports their position. (Def. Mot. Br. at 4.) For two reasons, this contention is rather odd.

First, the text of the statute makes plain that § 1982 applies to the deprivation of property rights in "real and *personal property.*" 42 U.S.C.A. § 1982 (emphasis added). Second, *Warner* does not remotely state that only claims of housing discrimination are actionable under § 1982. Instead, the *Warner* court reasoned that the statute "provides a separate, private right of action for victims of housing discrimination." *Id.* at 172. It does not follow from that statement that *only* housing-discrimination violates the statute. The Court finds it extraordinary that Defendants would pursue this line of argument.

For reasons stated above, the Court grants summary judgment for Defendants as to Plaintiff Johnson's § 1982 claim and denies Defendants' motion for summary judgment as to Plaintiff Cross's § 1982 cause of action. Because this claim was the only cause of action that Plaintiff Johnson pursued, the Court dismisses him from this case.

### C. Section 1983 Claim

Mr. Cross pleads that officers Smith, Herring, and Doe acted under color of state law and that the City was "indifferent to the need to train officers in the constitutional limits of force." He also alleges that Defendants' conduct deprived

---

1. "Dep." refers to the deposition testimony of Plaintiff Danny Cross taken on November 27, 2000.

him of his right to be free of unreasonable searches and seizures under the Fourth Amendment. Specifically, Mr. Cross alleges that Defendants Smith and Herring committed Fourth Amendment violations through the "torturous use of handcuffs" while under the direct supervision of Defendant Doe, and by causing Mr. Cross to suffer "mental and physical anguish, harassment, anxiety, embarrassment, and humiliation" at Defendants' hands. (Complaint at ¶¶ 46, 47.) The Court therefore construes Plaintiff Cross's claim against Defendants Smith, Herring, and Doe as resting on a claim of excessive force.

Because discovery is closed and Plaintiff Cross has not identified Officer Doe, the Court dismisses Officer Doe from the case. *See Hindes v. FDIC,* 137 F.3d 148, 155 (3d Cir.1998); *Graham v. Jones,* 709 F.Supp. 969, 974 (D.Or.1989). As it is clear that Defendants Smith and Herring were acting under color of state law, the Court now ascertains whether Plaintiff Cross has adduced evidence from which a reasonable jury could conclude that those Defendants deprived Mr. Cross of a constitutional or statutory right.

■ Policemen's use of slurs and racial epithets is not a search or seizure, and thus cannot sink to the level of violating the Fourth Amendment's prohibition of excessive force. *See Francis v. Angelo,* No. Civ. 00–80–BK, 2001 WL 194926, at *9 n. 12 (D.Me. Feb.23, 2001) (citing *Graham v. Connor,* 490 U.S. 386, 399 n. 12, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)); *cf. Estate of Brouhard v. Village of Oxford,* 990 F.Supp. 839, 842 (E.D.Mich.1997) (reasoning that policemen's use of vicious language while effecting an arrest did not violate the Fourteenth Amendment). Causing unjustified physical injury, however, may do so. Plaintiff Cross's claim will survive summary judgment if he has adduced competent evidence to the effect

that the remaining Defendants caused him to suffer an unwarranted physical injury.

Defendants argue that they are entitled to summary judgment as to this count because Plaintiff's allegation that he suffered excessive force fails in the absence of evidence of an injury and, even if that were not so, Defendants are entitled to qualified immunity. (Def. Mot. Br. at 4–7.)

### i. Evidence of injury vis-a-vis physical abuse

■ Evidence that would support the element of an injury in a claim of excessive force need not show that serious or permanent injuries flowed from police conduct, but it must at least allow a reasonable juror to conclude that the plaintiff suffered more force than "than the mere technical battery that is inextricably a part of any arrest." *Nemeckay v. Rule,* 894 F.Supp. 310, 315 (E.D.Mich.1995) (quotation omitted).

■ Plaintiff Cross grounds his allegation of excessive force in the police's alleged application of handcuffs that were too tight and the alleged "pulling, the kicking and pushing" by officers Smith and Herring during his encounter with the police. These allegations, absent evidence of injury, would not enable Mr. Cross's claim of excessive force to survive summary judgment. *See Knight v. Caldwell,* 970 F.2d 1430, 1432 (5th Cir.1992). The evidence need not show, however, that Mr. Cross suffered a significant injury; evidence of an insignificant injury would suffice. *Id.* (citing *Hudson v. McMillian,* 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)).

Although it is a close call, the Court rules that Plaintiff has adduced sufficient evidence that the police injured Plaintiff Cross without justification. Mr. Cross's deposition testimony supports the conclusion that he sought medical attention for

ankle injuries resulting from the police's alleged kicking. (Dep. at 60:11–24.) This testimony also supports the conclusion that Plaintiff Cross complained of injuries to his wrists resulting from the police's use of tight handcuffs. (Dep. at 95:14–23.) Plaintiff Cross's deposition testimony further supports the idea that the police inflicted these harms without any just cause and without Plaintiff resisting arrest. (Dep. at 49–64.) A reasonable jury could therefore conclude that the element of an injury exists.

### ii. Qualified Immunity

 Officers Smith and Herring plead the defense of qualified immunity. The standard for that defense is that governmental officials performing discretionary functions are entitled to qualified immunity, which shields them from civil damages, provided their conduct did not violate a clearly-established constitutional or statutory right of which a reasonable person would have known. *Hoard v. Sizemore,* 198 F.3d 205, 211 (6th Cir.1999) (citation omitted). To defeat a claim of qualified immunity, a plaintiff must plead and prove that the defendant violated such a right. *Id.*

 In general, there is, and was at the time in question, no clearly-established right for an arrested person to be free of tight handcuffs. *See Nemeckay,* 894 F.Supp. at 314–18 (holding that officers were entitled to qualified immunity despite their ignoring the arrestee's complaints that the handcuffs were too tight). However, it is long-established that where the arrestee suffers from a physical ailment that makes handcuffing especially painful, and advises the officers of this condition before tight handcuffs cause the arrestee injury, there is a clearly established right to be free of excessively-tight handcuffs. *See id.* at 318 n. 4 (citing *Walton v. City of Southfield,* 995 F.2d 1331 (1993)). Plaintiff

Cross has adduced competent evidence that he told the police of a deformity on his wrist shortly after they applied tight handcuffs, but that the police ignored his entreaties and thus injured him. (Dep. at 62:7–23.) Officers Smith and Herring are, therefore, not entitled to qualified immunity to the extent that Mr. Cross's claim for excessive force rests on their applying, and leaving on, tight handcuffs.

As to Plaintiff Cross's other allegations of excessive force, there is a longstanding and clearly-established right to be free of excessive "pulling, kicking and pushing" without justification. *See Katz v. United States,* 194 F.3d 962, 970 (9th Cir.1999) (citing *Sheth v. Webster,* 145 F.3d 1231, 1238 (11th Cir.1998)). Because Mr. Cross can point to evidence in the record from which a reasonable juror could conclude that he suffered such harms, and evidence tending to show that the police were without justification in inflicting injuries arising from such conduct, Mr. Cross may reach a jury on the issue of excessive force. Qualified immunity would be no defense thereto.

The Court denies summary judgment to Defendants Smith and Herring as to Plaintiff Cross's claim of a § 1983 violation. The Court dismisses Defendant Doe from the case.

### D. Section 1985 Claim

 Plaintiff Cross alleges that Defendants Smith and Herring conspired to violate his civil rights in violation of 42 U.S.C. § 1985(3) by agreeing and acting to: (a) falsely arrest and imprison Mr. Cross; (b) contrive and fabricate criminal charges against Mr. Cross; (c) submit false police reports, statements, and testimony to support those charges; (d) physically injure Mr. Cross; (e) obstruct justice; (f) "improperly impact witnesses"; (g) punish Mr. Cross for exercising his right "to con-

front and question the performance of public officials"; and (h) violate Mr. Cross's civil rights.

■ The elements of such a claim under § 1985(3) are: (1) a conspiracy; (2) to deprive the plaintiff of equal privileges and immunities or equal protection; (3) an act in furtherance of the conspiracy; (4) a resulting injury or deprivation of rights. *Tilton v. Richardson,* 6 F.3d 683, 686 (10th Cir.1993) (citing *Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971)).

To the extent that Mr. Cross grounds this claim in Defendants Smith and Herring's use of excessive force, the Court denies summary judgment in favor of Defendants Smith and Herring because, from the evidence that Plaintiff Cross has adduced, discussed above, a reasonable jury could conclude that Defendants Smith and Herring agreed between themselves to deprive Plaintiff Cross of his right to be free of excessive force, that they acted in furtherance of that conspiracy by manhandling Plaintiff unnecessarily, and that Plaintiff suffered injuries as a result of those acts. The Court therefore denies summary judgment in favor of Defendants Smith and Herring as to this cause of action, but only insofar as this claim rests on the use of excessive force. The Court grants summary judgment in favor of Defendants Smith and Herring as to this cause of action insofar as this claim is predicated on any of the other allegations listed above, however, because Mr. Cross has adduced no evidence that would support any of those factual predicates.

### E. Defendants' Motion for Partial Dismissal for Failure to Provide Discovery [docket entry 12]

Despite the name of this motion, Defendants primarily seek an order requiring Mr. Cross to appear for an independent medical examination regarding his psychological condition. Only in the alternative do Defendants move to dismiss Mr. Cross's claim for psychological damages.

■ Pursuant to Federal Rule of Civil Procedure 35(a), a movant is entitled to an order compelling a medical examination only if he can show that: (1) the party's mental condition is in controversy; and (2) the movant has demonstrated good cause. *Hardy v. Essroc Materials, Inc.,* No. 97–CV–0459, 1998 WL 103306, at *1 (E.D.Pa. Feb. 18, 1998). A demonstration of good cause requires, initially, that the desired information cannot be obtained by other means. *See Valita M. v. City of Chicago,* No. 83 C 3745, 1986 WL 8736, at *2 (N.D.Ill.1986). Because Defendants have failed to set forth the element of good cause, or any evidence supporting that element, in their submission, the Court refuses to order a Rule 35 exam or provide any other relief. *See id.*

## IV. Conclusion

For reasons set forth above,

**IT IS HEREBY ORDERED** that Plaintiff Johnson and Defendants Ecorse and Doe are **DISMISSED** from this case.

**IT IS FURTHER ORDERED** that summary judgment is **GRANTED** to Defendants Smith and Herring as to Plaintiff Johnson's § 1982 claim.

**IT IS FURTHER ORDERED** that summary judgment is **DENIED** to Defendants Smith and Herring as to Plaintiff Cross's § 1982 claim.

**IT IS FURTHER ORDERED** that summary judgment is **DENIED** to Defendants Smith and Herring as to Plaintiff Cross's claim of a § 1983 violation.

**IT IS FURTHER ORDERED** that summary judgment is **DENIED** to Defendants Smith and Herring as to Plaintiff Cross's claim of a § 1985 violation insofar

as that claim rests upon the allegation of conspiring to use excessive force.

**IT IS FURTHER ORDERED** that summary judgment is **GRANTED** to Defendants Smith and Herring as to Plaintiff Cross's claim of a § 1985 violation insofar as that claim rests upon any of the other factual predicates that Plaintiff Cross lists.

**IT IS FURTHER ORDERED** that Defendants' motion for partial dismissal for failure to provide discovery [docket entry 12] is **DENIED.**

**SO ORDERED.**