RENDERED:  JANUARY 8, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1885-MR

COMMONWEALTH OF KENTUCKY,
ENERGY AND ENVIRONMENT
CABINET, DIVISION OF OIL AND
GAS                                                                      APPELLANT


                    APPEAL FROM CUMBERLAND CIRCUIT COURT
v.              HONORABLE DAVID L. WILLIAMS, JUDGE
                    ACTION NO. 14-CI-00051


BOBBY D. SEVERE                                                  APPELLEE


OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE:  CALDWELL, GOODWINE, AND LAMBERT, JUDGES.

CALDWELL, JUDGE:  The Energy and Environment Cabinet, Division of Oil and

Gas ("Cabinet") appeals from a final and appealable order of the Cumberland

Circuit Court denying its motion to dismiss Bobby D. Severe's ("Severe") petition

for judicial review of orders of forfeiture, setting aside orders of forfeiture entered

against Severe, and reinstating Severe's bonds on well permits.  We reverse.

On June 3, 2014, Severe filed a petition for review of four orders of forfeiture of blanket security bonds. The orders of forfeiture were attached as an exhibit to his petition. Each order was dated March 19, 2014 and referred to notices of violations dated May 1, 2012. Each order advised Severe that if he disagreed with it, he had the right to seek court review in Cumberland or Franklin Circuit Court within thirty days of the order's date as then allowed by Kentucky Revised Statutes (KRS) 353.700. Also, each order stated, "Failure to file such a request for review within thirty (30) days shall result in the order of forfeiture becoming final and non-appealable." Severe alleged in his petition that the orders of forfeiture were delivered to his wife, who has Alzheimer's disease, so he did not discover them until early May 2014.

The Cabinet filed a motion to dismiss shortly after the petition was filed. The Cabinet argued in its motion that the trial court lacked jurisdiction to review the forfeiture orders because Severe failed to comply with the thirty-day time limit to seek review of the forfeiture orders in KRS 353.700(2). The Cabinet also attached to its motion certified mail receipts showing that Severe had signed for the four forfeiture orders sent via two certified letters on March 24, 2014.

Severe made several arguments to the trial court why the action should not be dismissed despite his failure to file the action within thirty days of the forfeiture orders. For instance, he argued that no notice occurred because

-2-

documents were not sent to counsel and because the May 1, 2012 notices of noncompliance were delivered to his ill wife. He also argued that the notices and forfeiture orders were void or ineffective because of a May 25, 2012 agreed order in another court case in which the Cabinet rescinded prior orders of forfeiture (dated December 22, 2011) concerning the same well permits. And he claimed that the trial court also had jurisdiction under KRS 353.710 based on the Cabinet allegedly committing various statutory violations.

The Cabinet argued that the March 19, 2014 orders of forfeiture were now final and that the trial court lacked jurisdiction over the case. But after extensive briefing and hearings, the trial court entered findings of fact, conclusions of law, and an order setting aside the March 19, 2014 orders of forfeiture, reinstating Severe's bonds, and denying the Cabinet's motion to dismiss.

The trial court found the Cabinet issued the orders of forfeiture on March 19, 2014 and that Severe filed the action on June 3, 2014, and it noted the Cabinet's argument that the action was time-barred under KRS 353.700(2). The trial court also found that the orders of forfeiture were based on notice of violation letters dated May 1, 2012, which pre-dated an agreed order of dismissal (AOD) entered May 25, 2012 in a different court case regarding the same well permits which had been pending when the notices were sent out.

The court then determined in its conclusions of law that Severe had not received sufficient notices of noncompliance, so he was not required to file his petition for review within thirty days of the 2014 forfeiture orders. It rejected the Cabinet's contention that it complied with statutory requirements for notices of noncompliance without specifically discussing why in the written order. (The trial judge orally indicated at the hearing this was because of the Cabinet's failure to issue later notices of noncompliance to clear up any confusion after entry of the late May 2012 AOD in the other case.) Thus, the trial court ordered that the orders of forfeiture be set aside, that the bonds be reinstated, and that the Cabinet's motion to dismiss be denied.

The Cabinet then filed a timely appeal. It argues on appeal that the trial court lacked jurisdiction to hear the action under KRS 353.700. It also argues that the trial court erred in determining that its May 1, 2012 notices of noncompliance were statutorily deficient.

Severe counters with several arguments for upholding the trial court's decision in his brief. But as we conclude that the trial court lacked jurisdiction to hear the case due to Severe's failure to file his petition within statutory time limits, it is unnecessary for us to reach most of these arguments.

The issues we do reach concern the validity of the trial court's rulings on questions of law rather than factual findings or evidentiary rulings. Such trial

-4-

court rulings on questions of law, particularly statutory construction, are subject to a *de novo* standard of review. *Pearce v. University of Louisville, by and through its Board of Trustees*, 448 S.W.3d 746, 749 (Ky. 2014).

Despite Severe's arguments that the trial court had jurisdiction to more generally determine if the Cabinet had acted arbitrarily or in violation of governing statutes, what he specifically asked the trial court to do in his petition was to review and set aside the Cabinet's orders of forfeiture. And such attempts to obtain review of Cabinet orders in this context are not governed by KRS 353.710 or by case law about reviewing administrative actions in the absence of statutes specifically governing appeals of those particular administrative actions. Instead, obtaining court review of a Cabinet order in this context was specifically governed by a prior version of KRS 353.700.

The trial court's conclusions of law quoted the now-current version of KRS 353.700(2) which became effective July 14, 2018. But that version of KRS 353.700(2) was not in effect in 2014 when the orders of forfeiture at issue were entered and when the petition was filed.[1] The current version of KRS 353.700(2)

---

[1] Severe filed a motion for leave to amend his petition in November 2018, but the trial court did not explicitly rule on this motion from our review. Furthermore, the trial court did not explicitly discuss any additional factual allegations or requests for relief from the motion or tendered amended petition in its written order. Instead, it simply granted the relief requested in the original petition (setting aside the 2014 orders of forfeiture and reinstating the bonds) after discussing in its factual findings the events of 2012 and 2014. But it did not discuss allegations about 2018 events in the tendered amended petition or Severe's requests for additional relief therein. Although Severe at times has referred to or asked the trial court to set aside alleged

does not even provide for court review; instead, it provides for review through administrative hearings if a hearing is demanded within thirty days of actual or constructive notice of the order to be reviewed.[2]

The version of KRS 353.700 in effect in 2014 provided for a thirty-day time limit to seek court review after certain Cabinet orders were issued:

> (1) Any person aggrieved by any order issued by the department or by the commission under KRS 353.500 to 353.720 shall have the right to bring a civil action for review of the order by filing a complaint in the Circuit Court of the county in which the premises or any portion thereof affected by the order is located, or in the Franklin Circuit Court.
>
> (2) The suit shall be brought within thirty (30) days after the order is issued, and in event no suit is filed within the thirty (30) day period, the order shall be final.

---

orders of forfeiture issued September 2018, it appears he was referring to letters about the Cabinet's attempts to collect on the bonds subject to the 2014 forfeiture orders and there are no orders of forfeiture issued in 2018 within the record provided to us.

[2] The version of KRS 353.700(1) and (2) effective as of July 14, 2018 provides:

> (1) Any person aggrieved by any final determination made or order issued by the department under this chapter, except any orders of the commission, may file with the Energy and Environment Cabinet's Office of Administrative Hearings a petition alleging that the determination is contrary to law or fact and is injurious to the petitioner, alleging the grounds and reasons therefor, and demanding a hearing. . . .
>
> (2) The right to demand a hearing pursuant to this section shall be limited to a period of thirty (30) days after the petitioner has had actual notice of the final determination or order complained of, or could reasonably have had notice."

KRS 353.700(1)-(2) (effective June 21, 1974 through July 13, 2018).

As the orders of forfeiture were issued March 19, 2014 and served upon Severe by certified mail a few days later,[3] the trial court lacked jurisdiction to hear Severe's petition for review filed June 3, 2014. Our precedent clearly states, "Where a statute prescribes the method for taking an appeal from an administrative action and the time in which the appeal must be taken, these requirements are mandatory and must be met in order for the circuit court to obtain jurisdiction to hear the case." *Frisby v. Board of Educ. of Boyle County*, 707 S.W.2d 359, 361 (Ky. App. 1986) (citing *Board of Adjustments of the City of Richmond v. Flood*, 581 S.W.2d 1 (Ky. 1978)). When determining if such requirements (including time limits for seeking review) are met, a strict compliance standard applies. *Id.* And the Kentucky Supreme Court has clearly stated that where a trial court lacks jurisdiction to review an administrative action due to failure to strictly comply with statutory requirements for obtaining court review, the trial court "has no right to decide the controversy." *Flood*, 581 S.W.2d at 2 (citation omitted).

As the trial court lacked jurisdiction to review the March 19, 2014 orders of forfeiture, the trial court should have granted the Cabinet's motion to

---

[3] Although Severe again alleges in his appellee's brief that the orders of forfeiture must have been received by his wife and that he did not become aware of them until May 2014, Severe has never denied that the signatures on the certified mail receipts for the orders of forfeiture were his. Nor did the trial court make an explicit finding that the orders of forfeiture were not delivered to Severe in contravention of the certified mail receipts.

dismiss on that basis alone and should not have even considered further arguments such as whether the May 1, 2012 notices of noncompliance were sufficient. We also agree with the Cabinet that the trial court erred in determining that the Cabinet did not provide sufficient notice of noncompliance to Severe. From our review of the May 1, 2012 notices of noncompliance in the record, these comply with KRS 353.590's requirements that such notice specify how the operator had violated statutes or regulations and be sent by certified mail to the operator at the permanent address listed on the application.

The trial court concluded that the Cabinet failed to provide sufficient notice of noncompliance under KRS 353.590(26) in its September 2019 order—apparently referring to the version of KRS 353.590 in effect from July 14, 2018 to June 26, 2019 which addressed notices of noncompliance at KRS 353.590(26).[4] When the notices of noncompliance were issued in 2012 and when the petition was filed in 2014, the version of KRS 353.590 then in effect addressed notices of noncompliance at KRS 353.590(22) (effective July 15, 2010 through June 23, 2015).

Despite the renumbering, the provisions in KRS 353.590 about notices of noncompliance remained substantially the same. Both required that the

---

[4] After further re-numbering, provisions about notices of noncompliance may be found in the current version at KRS 353.590(24) (effective June 27, 2019).

"notice shall specify in what respects the operator has failed to comply with this chapter or the administrative regulations of the department" and that it "be served upon the operator by certified mail, addressed to the permanent address shown on the application for a permit."

In short, under either version the Cabinet was only required to send by certified mail to the operator's permanent address a notice specifying how the operator failed to comply with the law. The Cabinet did so—as the notices of violation were sent to Severe's permanent address and briefly stated that an inspector found a violation of KRS 353.550 for "Improperly abandoned (Not producing or plugged)" wells.

While the trial court understandably believed some confusion was created by the May 1, 2012 notices of noncompliance being sent out before the May 25, 2012 AOD in a different case about the same well permits, the May 1, 2012 notices still complied with the requirements of KRS 353.590. The statute did not require a notice of perfect clarity which eliminated all possible confusion, but simply a notice sent to the operator's permanent address specifying how he/she had allegedly violated applicable statutes or regulations. The Cabinet identified the type of statutory violation alleged in the notices of noncompliance, which were sent to Severe's permanent address via certified mail, so it complied with statutory

requirements. Thus, the trial court erred in determining that the notices of noncompliance were statutorily deficient.

Furthermore, KRS 353.590 did not specifically require that such notices be served on any counsel retained by operators, and we are unaware of any other authority requiring service of this particular administrative notice on counsel, especially as such a notice is not a pleading filed in court which would be subject to Kentucky Rules of Civil Procedure (CR) 5.02. Similarly, we are unaware of any authority requiring that administrative orders of bond forfeiture in this context must be served on counsel—again, this is not specifically required by KRS 353.590, and these administrative orders are not court orders subject to CR 5.02. Although Severe cites the pre-July 14, 2018 version of KRS 353.700(5) providing that "[t]he practice, pleading and proceedings in the suit shall be in accordance with the Rules of Civil Procedure[,]" the notices of noncompliance and orders of forfeiture were not part of the practice, pleading, and proceedings in a court lawsuit. Similarly, his citation to a repealed regulation about serving attorneys with documents relating to surface coal mining "proceedings" fails. *See* 405 Kentucky Administrative Regulations (KAR) 7:091 (repealed effective August 4, 2017).

More importantly, even disregarding any problems with the content or service of the May 1, 2012 notices of noncompliance, Severe accepted delivery of

the Cabinet's orders of forfeiture of the blanket security bonds on March 24, 2014. And these orders of forfeiture informed him that he had a right to seek court review within thirty days, but that these orders would become final thirty days after their issuance if he did not file an action for review. Regardless of whether he was confused by the forfeiture orders' reference to the May 1, 2012 notices of noncompliance due to the May 25, 2012 AOD, he had received notification that he had only thirty days to challenge the orders of forfeiture before they became final. Thus, he was "obligated to bestir [him]self to take some action" and cannot prevail on an argument that no time limit applied. *Frisby*, 707 S.W.2d at 361.

As Severe failed to strictly comply with the statutory requirement that he commence court action for review of the orders of forfeiture within thirty days, the trial court erred in denying the Cabinet's motion to dismiss. *Id.* at 360-61. (Despite any failure by the school board to comply with statutory procedures or due process requirements, the thirty-day time limit to file an action seeking court review of the board's action began running when the board sent a teacher/administrator written notice of her demotion and the trial court properly dismissed an action not filed within the thirty-day time limit.).

While requiring strict compliance with short statutory time limits for seeking court review may seem harsh in some situations, the legislature clearly intended for the Cabinet to be able to take quick action to address problems such as

-11-

improperly abandoned oil and gas wells to protect public safety and conserve precious resources. *See generally* KRS 353.500; KRS 353.590. Thus, as with other administrative actions, strict compliance with statutory requirements for obtaining court review of administrative actions is required and failure to timely file an action for court review within statutory time limits requires dismissal of the action for court review. *Frisby*, 707 S.W.2d at 361.

Having concluded that the trial court erred in not dismissing the action and lacked authority to decide the matter, we need not specifically discuss other arguments raised by the parties—particularly those about the merits of the action. We specifically decline to discuss Severe's contention that KRS 353.590(26) is unconstitutional—especially as there is no indication that the Attorney General was notified. *See* KRS 418.075; CR 24.03. *See also Maney v. Mary Chiles Hospital*, 785 S.W.2d 480, 482 (Ky. 1990) ("[W]e are of the opinion the intent of the Legislature in its enactment of KRS 418.075 is clear that no judgment shall be entered which decides the constitutionality of a statute until the Attorney General is given notice and an opportunity to be heard."). And other arguments not specifically discussed in this Opinion are rejected as irrelevant or without merit.

Our task is not to weigh in on the wisdom or effectiveness of the administrative agency's actions per se, but to review the trial court's decision on Severe's petition for review of the orders of forfeiture. As the trial court lacked the

authority to review the orders of forfeiture, it erred in not dismissing the action and its order setting aside these orders of forfeiture and reinstating Severe's bonds cannot stand.

For the foregoing reasons, the judgment of the Cumberland Circuit Court is reversed and remanded with directions to dismiss the action and to reinstate the Cabinet's March 19, 2014 orders of bond forfeiture.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Lance C. Huffman
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Wanda A. White
Albany, Kentucky