THE STATE, EX REL. GENERAL MOTORS CORPORATION, *v.* OHIO
CIVIL RIGHTS COMMISSION.

(No. 76-972—Decided May 18, 1977.)

*Messrs. Jones, Day, Reavis & Pogue, Mr. Victor E. DeMarco, Mr. Dennis M. Kelly, Mr. Anthony P. Moore* and *Mr. Russell J. Thomas, Jr.,* for relator.

*Mr. William J. Brown,* attorney general, *Mr. Earl Manz* and *Mr. Donald W. Conley,* for respondent.

CELEBREZZE, J. R. C. 4112.05(B) sets forth the procedure to be followed by the commission prior to issuance of a complaint, stating in part:

"Whenever it is charged in writing and under oath by a person * * * that any person * * * has engaged or is engaging in unlawful discriminatory practices, or upon its own initiative * * * the commission may initiate a preliminary investigation. * * * If it determines after such investigation that it is probable that unlawful discriminatory practices have been or are being engaged in, it shall endeavor to eliminate such practices by informal methods of conference, conciliation, and persuasion. * * * If, after such investigation and conference, the commission is satisfied that any unlawful discriminatory practice of the respondent will be eliminated, it may treat the complaint as conciliated, and entry of such disposition shall be made on the records of the commission. If the commission fails to effect the elimination of such unlawful discriminatory practices and to obtain voluntary compliance with Chapter 4112 of the Revised Code, or, *if the circumstances warrant, in advance of any such preliminary investigation or endeavors* * * * the commission shall issue and cause to be served upon any person or respondent a complaint stating the charges in that respect and containing a notice of hearing before the commission * * *." (Emphasis added.)

In *State, ex rel. Republic Steel Corp.,* v. *Ohio Civil Rights Comm.* (1975), 44 Ohio St. 2d 178, we construed the above section, noting that the language "* * * if the circumstances warrant * * *" provides an exception to the

jurisdictional requirement that conciliatory efforts precede the issuance of a complaint. It was observed that the exception could only be employed in advance of preliminary investigations, in those situations where factors' necessitated the direct issuance of a complaint.

In 53 of the 57 cases at bar the commission has conducted preliminary investigations, and the complaints issued subsequent to these investigations contain no statement of the circumstances which warrant application of the exception to the requisite conciliatory efforts. Therefore, under the holding in *Republic Steel, supra,* the writ prayed for is allowed as to these first 53 cases.

After the announcement of the *Republic Steel* decision, complaints were issued in the remaining four cases under consideration. Respondent alleges therein that the complaints were issued in advance of preliminary investigation or conciliation endeavors, because "[t]he commission has been unable to investigate or attempt conciliation within one (1) year after the alleged unlawful discriminatory practice pursuant to Revised Code Section 4112.05 (B) because the commission's large volume of pending charges did not permit such endeavors prior to issuance of this complaint."

In *Board of Edn.* v. *Fulton County Budget Comm.* (1975), 41 Ohio St. 2d 147, we noted, at page 156: "Courts do not have the authority to ignore, in the guise of statutory interpretation, the plain and unambiguous language in a statute." (Citations omitted.)

At the time the complaints *sub judice* were issued, R. C. 4112.05(B) read, in part, as follows:

"Any complaint issued pursuant to this section must be so issued within one year after the alleged unlawful discriminatory practices were committed."*

---

*All 57 complaints were issued between September 24, 1974, and April 29, 1976. Through the enactment of Am. Sub. S. B. No. 162, effective July 23, 1976, the General Assembly amended R. C. 4112.05(B) by extending the time within which the complaint must issue to two years after the alleged unlawful discriminatory practices were committed.

Due to the mandatory language employed by the General Assembly, and the absence of any provision for time extensions, it is clear that the inability to comply with the statute of limitations is not a circumstance which warrants an exception to the requirement that conciliatory efforts precede the complaint.

Accordingly, the writ of prohibition is also allowed as to the remaining four cases, relator's motion for summary judgment is granted, and the commission's motion for judgment on the pleadings is denied.

*Writ allowed.*

O'NEILL, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.