OPINION OF THE COURT
Jacqueline M. Koshian, J.
The court has reviewed the contention stated in the order to *779 show cause granted July 11, 1997 and the papers submitted in opposition thereto in which plaintiffs have made an application for preliminary injunctive relief. Plaintiffs, who consist of Housing Opportunities Made Equal, Inc. (HOME) and certain individuals, assail the propriety and the lack of action undertaken by respondents in response to various claims of housing discrimination filed with the respondent Division of Human Rights (Division) (see, Executive Law § 290 et seq.). Plaintiffs contend that resolution and determination of their claims have been unreasonably delayed and they seek an injunction, mandatory in nature, to enjoin the Division to immediately schedule hearings and to determine those complaints on the merits.
Plaintiffs’ motion is in all respects granted, without costs. Notwithstanding the time constraints set in the statute for the processing and determination of such complaints (see, e.g., Executive Law § 297 [2] [a], [b]; [4] [a], [c]) the statutory scheme is directory in nature rather than mandatory. As a result, it is not uncommon for matters to remain pending before the Division for many years only to be dismissed for administrative convenience. In fact, that very scenario occurred here relative to plaintiff Meiselman’s complaint while the instant application is pending. The court is of the view that plaintiffs have a property interest in such matters which are protected under the State and Federal Constitutions (see, Logan v Zimmerman Brush Co., 455 US 422). Plaintiffs have met their burden of demonstrating a substantial likelihood of success on the merits that they have been denied due process by reason of defendants’ failure to render a prompt determination of those claims pursuant to statute. By reason of the very nature of the claims asserted, the court also finds that plaintiffs will be irreparably harmed without the issuance of an injunction and that equity favors their position.
The court appreciates that the volume of complaints received by the Division may be so overwhelming as to render reasonable compliance with the statutory timetable impossible. Nevertheless, to allow the Division to rely upon that notion in response to complaints of the vintage asserted herein essentially permits those who are alleged to have violated the statute to be sheltered by its provisions. The court cannot and will not accept that construction.
Accordingly, the court grants plaintiffs’ application. It further orders the Meiselman complaint restored nunc pro tunc *780 by vacating the Division’s order of dismissal dated November 25, 1997. Counsel shall settle upon the terms of an order determining the within application and submit same for signature.