**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Brubaker v. Lawrence Cty. Bd. of Elections*, Slip Opinion No. 2022-Ohio-1087.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

**SLIP OPINION NO. 2022-OHIO-1087.]**

**THE STATE EX REL. BRUBAKER *v*. LAWRENCE COUNTY BOARD OF ELECTIONS.**

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Brubaker v. Lawrence Cty. Bd. of Elections*, Slip Opinion No. 2022-Ohio-1087.]**

*Elections—Mandamus—R.C. 4301.33(A)—Petitioner seeking placement of a local liquor-sales option on the May 3, 2022 primary-election ballot failed to comply with statutory requirements to include with the liquor-option petition an affidavit certifying that the petitioner gave notice to all liquor-permit holders who would be affected by the proposal, if any, and to provide a list of the permit holders to the petition signers at the time of their signing—Writ denied.*

(No. 2022-0255—Submitted March 29, 2022—Decided March 31, 2022.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} In this expedited election case, relator, Ray Brubaker, seeks a writ of mandamus compelling respondent, the Lawrence County Board of Elections ("the board"), to place a local liquor option on the May 3, 2022 primary-election ballot. For the reasons set forth herein, we deny the writ.

## I. Background

*A. The requirements for placing a local liquor option on the ballot*

**{¶ 2}**   R.C. 4301.351(A) authorizes local-option elections to consider the question whether Sunday liquor sales shall be permitted within a precinct.  At least 25 days before the deadline for submitting petition signatures for a local liquor option, the Ohio Department of Commerce, Division of Liquor Control ("the division"), must provide the petitioner seeking placement of the option on the ballot with a list of the names and addresses of liquor-permit holders and liquor-agency stores in the precinct, if any, that would be affected by the ballot proposal.  R.C. 4301.33(A).  Within five days of receiving the list from the division, the petitioner must provide notice of the proposal to each liquor-permit holder and liquor-agency store on the list.  *Id.*  The petitioner must attach a copy of the list to each petition paper circulated for signatures.  *Id.*  The petitioner must also provide a copy of the list to the board of elections when he submits the signed part-petitions to the board. *Id.*

**{¶ 3}**   Along with the part-petitions and list of permit holders, the petitioner must provide the board of elections with "an affidavit certifying that the petitioner notified all affected permit holders and liquor agency stores, if any, on the list * * * and that, at the time each signer of the petition affixed the signer's signature to the petition, the petition paper contained a copy of the list of affected permit holders and liquor store agencies."  *Id.*  The Ohio secretary of state has promulgated Form No. 5-N, which is titled "Affidavit of Local Option Petitioner," to serve as that affidavit.  *See* Ohio Secretary of State Form No. 5-N, available at https://www.ohiosos.gov/globalassets/elections/forms/5-n.pdf (accessed Mar. 30, 2022) [https://perma.cc/JP6F-64NG].  A petitioner who swears to and signs Form No. 5-N attests that proper notice was given to all affected permit holders.  In addition, Form No. 5-N states, "I also certify that each part-petition contained a copy of the list of affected permit holders, if any, at the time each signer of the

petition affixed his/her signature to the petition." Under R.C. 4301.33(A), the "[f]ailure of the petitioner to supply the affidavit required by this section and a complete and accurate list of liquor permit holders and liquor agency stores, if any, invalidates the entire petition."

### B. The evidence in the record

{¶ 4} This case involves an effort to place on the May 3, 2022 primary-election ballot a liquor option to allow Sunday liquor sales in the Hanging Rock precinct. The Hanging Rock precinct is located in Lawrence County, and "Laidback Bar" is located in the precinct.

{¶ 5} Scott A. Pullins is the attorney for Brubaker, who is the general manager of Laidback Bar. On December 27, 2021, Pullins filed with the board the initial paperwork requesting a liquor-option petition for the Hanging Rock precinct. On December 29, the division notified Pullins that there were no permit holders who would be affected by the liquor-option proposal.

{¶ 6} On February 2, 2022, Brubaker filed with the board part-petitions containing approximately 40 signatures in support of the liquor-sales option. Brubaker did not file a copy of Form No. 5-N. Instead, he attempted to file a copy of the division's December 29 letter stating that there were no affected permit holders in the precinct. According to Brubaker, the board informed him "that the letter was not needed and refused to accept it as part of [his] filing."

{¶ 7} The board rejected the liquor-option petition because Brubaker did not submit a Form No. 5-N. On February 23, Toni Bradshaw, the deputy director of the board, notified Pullins in an email that the petition was "missing parts and incomplete" and that the option would not appear on the May 2022 ballot. Pullins replied to Bradshaw by email that same day, asking, "[C]an you send me a letter or some kind of explanation? Specifically, what parts were missing and incomplete?" On February 28, Bradshaw declined Pullins's request for an explanation on the ground that providing such information would constitute legal advice.

## II. Procedural history

{¶ 8}   On March 11, 2022, Brubaker filed with this court a complaint for a writ of mandamus against the board.  He attached five exhibits to the complaint, including his own affidavit.  We ordered the board to answer the complaint, and the board complied by filing an answer accompanied by two affidavits.   The attachments to the complaint and answer are the only evidence submitted by the parties.

## III. Legal analysis

### A. Standard of review

{¶ 9}   To be entitled to a writ of mandamus, Brubaker must establish by clear and convincing evidence that (1) he has a clear legal right to the requested relief, (2) the board has a clear legal duty to provide it, and (3) he does not have an adequate remedy in the ordinary course of the law.  *See State ex rel. Linnabary v. Husted*, 138 Ohio St.3d 535, 2014-Ohio-1417, 8 N.E.3d 940, ¶ 13.  As to the third element, Brubaker lacks an adequate remedy in the ordinary course of the law due to the proximity of the May 3, 2022 primary election, which is less than 40 days away.  *See State ex rel. West v. LaRose*, 161 Ohio St.3d 192, 2020-Ohio-4380, 161 N.E.3d 631, ¶ 15.

{¶ 10} The first two elements require us to determine whether the board engaged in fraud or corruption, abused its discretion, or acted in clear disregard of applicable law.  *See State ex rel. Tam O'Shanter Co. v. Stark Cty. Bd. of Elections*, 151 Ohio St.3d 134, 2017-Ohio-8167, 86 N.E.3d 332, ¶ 16.  Brubaker has not alleged that the board engaged in fraud or corruption.  An abuse of discretion "connotes an unreasonable, arbitrary, or unconscionable attitude."  *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183, 677 N.E.2d 343 (1997).

### B. The board did not abuse its discretion or act contrary to law

{¶ 11} The essential facts of this case are not in dispute.  And R.C. 4301.33(A) requires a petitioner seeking placement of a local liquor option on the

ballot to include with the liquor-option petition an affidavit certifying that he gave notice to all permit holders who would be affected by the measure, if any, and to provide a list of those permit holders to the petition signers at the time of their signing. Brubaker did not comply with this requirement.

{¶ 12} In his merit brief, Brubaker suggests that his noncompliance should be excused for two reasons. Again, when he filed the petition, Brubaker attempted to give the board a copy of the letter from the division stating that there were no affected permit holders. In his first proposition of law, he argues that the board abused its discretion by not accepting the letter in lieu of an affidavit. This contention overlooks the fact that R.C. 4301.33(A) required Brubaker to provide both the letter from the division (the list) *and* an affidavit. The list provided by the division cannot be an alternative to the required affidavit because the list is a separately required document.

{¶ 13} Although he does not explicitly use the term "substantial compliance," Brubaker essentially argues that his efforts amounted to substantial compliance with the statute's requirements. But "it is well-settled that 'election laws are mandatory and require strict compliance and that substantial compliance is acceptable only when an election provision expressly states that it is.' " *State ex rel. Maras v. LaRose*, ___ Ohio St.3d ___, 2022-Ohio-866, ___ N.E.3d ___, ¶ 23, quoting *State ex rel. Commt. for the Referendum of Lorain Ordinance No. 77-01 v. Lorain Cty. Bd. of Elections*, 96 Ohio St.3d 308, 2002-Ohio-4194, 774 N.E.2d 239, ¶ 49. And R.C. 4301.33(A) provides that a petitioner "shall" provide the specified affidavit to the board of elections. In an election statute, the word "shall" is construed as mandatory unless there is " ' "a clear and unequivocal legislative intent" ' " that a different construction applies. *State ex rel. Ohio Democratic Party v. Blackwell*, 111 Ohio St.3d 246, 2006-Ohio-5202, 855 N.E.2d 1188, ¶ 15 (plurality opinion), quoting *Ohio Civ. Rights Comm. v. Countrywide Home Loans, Inc.*, 99 Ohio St.3d 522, 2003-Ohio-4358, 794 N.E.2d 56, ¶ 4, quoting *Dorrian v.*

*Scioto Conservancy Dist.*, 27 Ohio St.2d 102, 271 N.E.2d 834 (1971), paragraph one of the syllabus. R.C. 4301.33(A) does not contain language suggesting that something less than strict compliance will suffice. *Compare State ex rel. Weller v. Tuscarawas Cty. Bd. of Elections*, 158 Ohio St.3d 266, 2019-Ohio-4300, 141 N.E.3d 157, ¶ 10, quoting R.C. 3513.261 (statutory language stating that nominating petitions "shall be *substantially* in the form prescribed" permitted substantial compliance with the prescribed form [emphasis added in *Weller*]).

{¶ 14} R.C. 4301.33(A) requires strict compliance: a petitioner must provide an affidavit attesting that he notified all affected permit holders about the proposal and informed each petition signer about the affected permit holders. In an attempt to save himself from that requirement, Brubaker argues in his second proposition of law that he could not legally comply with the requirement because there were no affected permit holders to notify. He suggests that completing the affidavit under those circumstances would constitute election falsification.

{¶ 15} But Brubaker could have complied with the affidavit requirement in R.C. 4301.33(A), despite the lack of affected permit holders. The statute requires a petitioner to submit to the board of elections an affidavit attesting that he "notified all affected permit holders and liquor agency stores, *if any*, on the list * * * and that, at the time each signer of the petition affixed the signer's signature to the petition, the petition paper contained a copy of the list of affected permit holders and liquor store agencies." (Emphasis added.) Thus, the plain language of the statute contemplates circumstances in which there are no affected permit holders. In that situation, the petitioner must attest that he did not notify any affected permit holders because there were none. And he must attest that he showed the list of the affected permit holders to the potential petition signers, which, under the circumstances presented here, means showing them the letter from the division stating that there were no affected permit holders. Brubaker could have complied with this requirement, but he did not.

{¶ 16} For the foregoing reasons, we deny Brubaker's request for a writ of mandamus.

Writ denied.

O'CONNOR, C.J., and KENNEDY, FISCHER, DONNELLY, STEWART, and BRUNNER, JJ., concur.

DEWINE, J., concurs in judgment only.

_____

Pullins Law Firm, L.L.C., and Scott A. Pullins, for relator.

Brigham M. Anderson, Lawrence County Prosecuting Attorney, for respondent.

_____