[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Lambert v. Medina Cty. Bd. of Elections*, Slip Opinion No. 2023-Ohio-3351.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-3351

THE STATE EX REL. LAMBERT *v.* MEDINA COUNTY BOARD OF ELECTIONS.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Lambert v. Medina Cty. Bd. of Elections*, Slip Opinion No. 2023-Ohio-3351.]

*Elections—Mandamus—Compliance with election statutes—Evidence unequivocally showed that relator sought placement of question on ballot asking electors whether sale of spirituous liquor should be permitted at certain times on Sundays at a particular location—Because relator's petition was controlled by R.C. 4301.333, relator not entitled to relief in mandamus based on failure of board of elections to follow procedure under R.C. 4301.33—Because relator did not provide board with affidavit required by R.C. 4301.333(C)(1)(a) when petition filed, petition was invalid in its entirety under R.C. 4301.333(C)(2)—Writ denied.*

(No. 2023-1097—Submitted September 18, 2023—Decided September 20, 2023.)

IN MANDAMUS.

————————

**Per Curiam.**

{¶ 1} In this expedited election case, relator, James B. Lambert, seeks a writ of mandamus compelling respondent, the Medina County Board of Elections, to place a local liquor option on the November 7, 2023 general-election ballot. Alternatively, Lambert seeks an order compelling the board to provide him with information and a form that he says he needs in order to have his liquor-option petition considered for placement on the ballot. We deny the writ.

## I. BACKGROUND

### A. *Legal background*

{¶ 2} Ohio law grants the privilege of local option to the electors of an election precinct and specifies measures for exercising that privilege. *See* R.C. 4301.32 et seq. Although not defined by statute, "local option" is a term used to describe the method of regulating liquor licensing within a locality by a popular vote of the people rather than by legislative enactment. *See* Shelley Ross Saxer, *"Down with Demon Drink!": Strategies for Resolving Liquor Outlet Overconcentration in Urban Areas*, 33 Santa Clara L.Rev. 123, 153 (1995). R.C. 4301.33 and 4301.333 are two local-option statutes relevant to this case.

{¶ 3} R.C. 4301.33 sets forth the procedure for circulating a petition for the submission of a question arising under R.C. 4301.35 (concerning, among other things, the question whether to permit the sale of wine and mixed beverages by the package for off-premises consumption) or 4301.351 (concerning the question whether to permit Sunday sales). The scope of the questions presented under R.C. 4301.35 and 4301.351 have generally been described as having a "precinct-wide" reach. *See* 2012 Ohio Atty.Gen.Ops. No. 2012-025, 2012 WL 3782388, *7-8. A board of elections must provide two things to a petitioner who wishes to circulate a petition under R.C. 4301.33: "[A]t the time of taking out the petition," the board must provide to the petitioner the "names of the streets and, if appropriate, the address numbers of residences and business establishments within the precinct

in which the election is sought," R.C. 4301.33(A)(1), and a "form prescribed by the secretary of state for notifying affected permit holders and liquor-agency stores of the circulation of" the petition, R.C. 4301.33(A)(2).

{¶ 4} The petitioner must file the information provided by the board with the division of liquor control and obtain from the division a list of names and addresses of permit holders and liquor-agency stores that would be affected by the election. *Id*. Next, the petitioner must notify the permit holders and liquor-agency stores included on the list provided by the division of the proposed local option, using the form provided by the board. *Id.* When the petitioner files the petition with the board, the petitioner must provide the list supplied by the division and an affidavit certifying that the petitioner has notified the entities on the list of the proposed local option. *Id.* The Ohio secretary of state has adopted "Form No. 5-N" as the affidavit that must be filed under R.C. 4301.33(A)(2), and the secretary of state has specified that the upper half of the form applies to a petition under R.C. 4301.33.[1] "Failure of the petitioner to provide the affidavit required by [R.C. 4301.33] and a complete and accurate list of liquor permit holders and liquor agency stores, if any, invalidates the entire petition." R.C. 4301.33(A)(2).

{¶ 5} R.C. 4301.333 prescribes a different procedure that is applicable to the privilege conferred by R.C. 4301.323, which empowers electors to exercise a "local option on the sale of beer, wine and mixed beverages, or spirituous liquor *at a particular location within the precinct*." (Emphasis added.) In exercising the authority conferred on the secretary of state by R.C. 3501.05(P) to prescribe and distribute to boards of elections a list of instructions indicating all legal steps necessary to "petition successfully for local option elections," the secretary of state has observed that R.C. 4301.333 is an exception to the rule that "[i]n most cases, a

---

1. Form No. 5-N is available on the secretary of state's website. *See* Ohio Secretary of State Form No. 5-N, https://www.ohiosos.gov/elections/elections-officials/forms-petitions/ (accessed Sept. 18, 2023).

local liquor option election will affect the entire precinct in which the election is held."[2]  Under the procedure established by R.C. 4301.333, only a class member designated under the statute (e.g., "[t]he holder of a liquor permit at a particular location within the precinct," R.C. 4301.333(A)(2)) may present a petition to the board.  *See* R.C. 4301.333(A)(1) through (4); *see also* R.C. 4301.323(A) through (D).  Among other things, the petition must contain a notice that the petition is for the submission of a question arising under R.C. 4301.355.  R.C. 4301.333(B)(1).  For example, one of the questions permitted by R.C. 4301.355 asks whether the electors should authorize the sale of spirituous liquor on Sundays by a liquor-permit holder engaged in business at a particular location in the precinct.  *See* R.C. 4301.355(B)(2).  When the petitioner submits the petition to the board, the petitioner must provide a signed affidavit attesting to the proposed use of the location following the election.  R.C. 4301.333(C)(1)(a).  The secretary of state has adopted Form No. 5-N as the affidavit necessary for this filing, specifying that the lower half of the form applies to a petition under R.C. 4301.333.  "Failure to supply the affidavit * * * at the time the petition is filed invalidates the entire petition."  R.C.  4301.333(C)(2).

## *B. Factual background*

**{¶ 6}** Lambert is the managing member and chief executive officer of Lambert United Enterprises, L.L.C.  Lambert United Enterprises does business as Geeked Out Pub & Grille, which is located in Brunswick.  Lambert represents that Lambert United Enterprises holds a Class D liquor permit from the Ohio Division of Liquor Control.  He represents that the permit allows the sale of intoxicating liquor from Monday through Saturday, but that it allows the sale of only beer and wine on Sundays.

---

2. *See* Ohio Secretary of State, *2022 Guide to Local Liquor Options Elections*, at ii, 3-4 (Oct. 2022), available at https://www.sos.state.oh.us/globalassets/publications/election/localops22.pdf (accessed Sept. 18, 2023).

{¶ 7} In early July 2023, Lambert went to the board of elections to get a petition for the purpose of obtaining what he describes as a "Sunday Serve spiritous liquor permit."[3] A board-of-elections worker advised Lambert that he would need 50 signatures from Ward 2-D in Brunswick, handed Lambert a petition, and told Lambert that the petition was due to be returned to the board no later than August 9, which was 90 days before the November 7 general election. It is undisputed that the board did not provide Lambert with the street and address information or the notification form required by R.C. 4301.33(A)(1) and (2).

{¶ 8} On August 9, Lambert returned to the board with signatures on the petition, which had been circulated. The petition appears on "Form 5-R," which, according to its instructions, is a petition for use in "submit[ting] the question of the sale of * * * spirituous liquor at a particular location within a precinct." The question posed on the petition is whether spirituous liquor should be sold on Sundays between certain hours by "Lambert United Enterprises LLC dba Geeked Out Pub and Grille" at "1439 Town Center Blvd D20 Brunswick Oh 44212," which is the same location on file with the division of liquor control. No one from the board of elections advised Lambert that he needed to provide an affidavit with the petition.

{¶ 9} On August 23 or 24, Lambert called the board of elections and was told by its director that the proposed local option would not be appearing on the ballot because the petition had lacked the Form No. 5-N affidavit. Around that time, Lambert obtained an opinion from the Medina County Prosecuting Attorney's Office that had been written in response to a question from the board of elections' director and deputy director and that explained that the procedure under R.C. 4301.333 rather than R.C. 4301.33 applied to Lambert's petition. The prosecutor reasoned that because R.C. 4301.333 applied, Lambert's failure to

---

3. Ohio law defines "spirituous liquor" as including "all intoxicating liquors containing more than twenty-one per cent of alcohol by volume." R.C. 4301.01(B)(5).

attach the affidavit required under that statute meant that his petition was invalid under R.C. 4301.333(C)(2).

{¶ 10} On August 29, Lambert filed this expedited election action against the board of elections, seeking a writ of mandamus ordering placement of the local option on the November 2023 general-election ballot or, alternatively, an order directing the board to comply with R.C. 4301.33(A)(1) and (2). The board filed an answer, and the parties filed evidence and merit briefs under the expedited schedule set forth in S.Ct.Prac.R. 12.08(A). Lambert did not file a reply brief.

{¶ 11} Lambert does not advance a compelling reason in his brief as to why the local option should be placed on the ballot. Instead, he states that he is "realistically" seeking a writ of mandamus to compel the relief he has asked for in the alternative, which is that the board be required to provide him with the street and address information and the form required under R.C. 4301.33(A)(1) and (2), so that he can then complete the affidavit on Form No. 5-N and present all the necessary petition materials to the board of elections for consideration for placement of the local option on the ballot. Accordingly, we limit our analysis to the latter requested relief.

## II. ANALYSIS

{¶ 12} To be entitled to a writ of mandamus, Lambert must establish by clear and convincing evidence that (1) he has a clear legal right to the requested relief, (2) the board of elections has a clear legal duty to provide it, and (3) he does not have an adequate remedy in the ordinary course of the law. *See State ex rel. Linnabary v. Husted*, 138 Ohio St.3d 535, 2014-Ohio-1417, 8 N.E.3d 940, ¶ 13. Lambert lacks an adequate remedy in the ordinary course of the law due to the proximity of the election, and he therefore meets the third element to obtain the writ. *See State ex rel. LaChapelle v. Harkey*, __ Ohio St.3d __, 2023-Ohio-2723, __ N.E.3d __, ¶ 8. An analysis under the first two elements asks "whether the board engaged in fraud or corruption, abused its discretion, or acted in clear disregard of

applicable law." *State ex rel. Brubaker v. Lawrence Cty. Bd. of Elections*, 168 Ohio St.3d 211, 2022-Ohio-1087, 197 N.E.3d 548, ¶ 10.

{¶ 13} Lambert cites R.C. 4301.33(A)(1) and (2) as the sources of his requested relief in mandamus. He claims that the board of elections abused its discretion by failing to provide him with the street and address information required by R.C. 4301.33(A)(1) and the form for notifying affected permit holders and liquor-agency stores required by R.C. 4301.33(A)(2) when he took out his petition. Implicit in Lambert's argument is his assertion that had he received the information and form from the board, he would have been able to provide the affidavit required by R.C. 4301.33(A)(2) on Form No. 5-N attesting that he had notified all the affected permit holders and liquor-agency stores of the proposed local option, thereby enabling his petition to be considered for the ballot. The board does not disagree that R.C. 4301.33(A)(1) and (2) requires a board of elections to produce the street and address information and the form, but it argues that R.C. 4301.333 rather than R.C. 4301.33 controls because Lambert's petition concerned the question whether the sale of spirituous liquor should be permitted *at a particular location*. Because R.C. 4301.333 does not require the board to provide street and address information or the form, the board says that mandamus cannot lie.

{¶ 14} The board is correct that R.C. 4301.333 rather than R.C. 4301.33 applies here. R.C. 4301.333(A) prescribes the procedure for exercising the "privilege of local option conferred by [R.C. 4301.323]," and that privilege pertains to the "sale of beer, wine and mixed beverages, or spirituous liquor *at a particular location* within the precinct," (emphasis added) R.C. 4301.323. The evidence unequivocally shows that Lambert sought to place a question on the ballot asking the electors whether the sale of spirituous liquor should be permitted at certain times on Sundays by Lambert United Enterprises, L.L.C., d.b.a. Geeked Out Pub & Grille, at a particular location, namely, the address of the company on file with the division of liquor control. Indeed, Lambert presented his petition to the board on

Form No. 5-R, which the secretary of state has adopted for a "petition to submit the question of the sale of * * * spirituous liquor at a particular location within a precinct." Notably, by citing R.C. 4301.333, that form shows that it was adopted to effectuate the local-option provisions under R.C. 4301.333, not R.C. 4301.33.

**{¶ 15}** Because Lambert's petition is controlled by the procedure prescribed under R.C. 4301.333, he is not entitled to relief in mandamus based on any failure of the board of elections to follow the procedure prescribed by R.C. 4301.33. Moreover, because Lambert did not provide the board with the affidavit required by R.C. 4301.333(C)(1)(a) when he filed his petition, his petition was invalid in its entirety under R.C. 4301.333(C)(2). *See Brubaker*, 168 Ohio St.3d 211, 2022-Ohio-1087, 197 N.E.3d 548, at ¶ 12-16 (petition held to be invalid under a similar provision in R.C. 4301.33(A) for failing to provide a required affidavit).

### III. CONCLUSION

**{¶ 16}** For the foregoing reasons, we deny the writ.

Writ denied.

KENNEDY, C.J., and FISCHER, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

DEWINE, J., dissents, with an opinion.

_____

**DEWINE, J., dissenting.**

**{¶ 17}** In its answer to James B. Lambert's mandamus claim, the Medina County Board of Elections asserted that Lambert lacked standing to bring the claim and asked this court to dismiss the action. The majority skips over the standing requirement and proceeds to the merits of Lambert's claim. I would not. Because it is evident from the record that Lambert lacks standing to pursue this claim, I would dismiss this case.

**{¶ 18}** "Standing is a threshold requirement that must be met before a court may consider the merits of a legal claim." *Beaver Excavating Co. v. Testa*, 134

Ohio St.3d 565, 2012-Ohio-5776, 983 N.E.2d 1317, ¶ 8. To have standing in a mandamus case, a relator must be beneficially interested in the case. *State ex rel. Ames v. Portage Cty. Bd. of Revision*, 166 Ohio St.3d 225, 2021-Ohio-4486, 184 N.E.3d 90, ¶ 10; *see also* R.C. 2731.02.

{¶ 19} Lambert is the chief executive officer and managing member of Lambert United Enterprises, LLC ("LUE"), which does business as Geeked Out Pub & Grille, in Brunswick, Ohio. LUE, as a limited-liability company, is a "separate legal entity" from its members, R.C. 1706.04(A), including Lambert. LUE—not Lambert—holds a state liquor license, and LUE—not Lambert—would hold the "Sunday Serve spiritous liquor permit" sought through placement of the liquor option on the ballot. A copy of the petition submitted by respondent shows that it was LUE—not Lambert—that acted as the petitioner for the local-option issue under R.C. 4301.323(B) and 4301.333(A)(2).

{¶ 20} Lambert argues that he is "beneficially interested in the matter" before this court by virtue of his positions as chief executive officer and managing member of LUE. However, the test for standing in mandamus actions concerning election matters is whether the relator "would be *directly* benefited or injured by a judgment in the case." (Emphasis added.) *State ex rel. Sinay v. Sodders*, 80 Ohio St.3d 224, 226, 685 N.E.2d 754 (1997). While Lambert may benefit from or be injured by this court's holding, it would be only in a derivative way, through his roles at the company. Lambert has no legal right that will be directly impacted by this mandamus action; therefore, he lacks standing to pursue the claim. *See State ex rel. Brophy v. Cleveland*, 141 Ohio St. 518, 521-522, 49 N.E.2d 175 (1943).

{¶ 21} Because standing is a threshold inquiry, I would dismiss the case on that basis without reaching the merits of Lambert's claims. I dissent from the majority's decision to do otherwise.

_____

The Law Office of Anita Lambert, L.L.C., and Anita A. Lambert, for relator.

S. Forrest Thompson, Medina County Prosecuting Attorney, and Michael K. Lyons and John R. Marconi, Assistant Prosecuting Attorneys, for respondent.

_____